

JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| JUANDA D. CHILDS, | * | Case No. 05-90045-DK |
| a/k/a Juanda Breedlove Childs and | * | (Chapter 7) |
| Juanda Denise Childs, | * | |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| LEROY ONEAL WILLIAMS and WANDA JEAN WILLIAMS, | * | Case No. 05-90001-JS |
| Debtors | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| JEFFREY LEE, | * | Case No. 05-90029-SD |
| Debtor | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| MELVIN E. CARTER, | * | Case No. 05-90089-DK |
| Debtor | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| In re: | * | |
| VINCENT A. JONES, | * | Case No. 05-90185- NVA |
| Debtor | * | (Chapter 13) |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PER CURIAM OPINION REGARDING THE SUFFICIENCY OF CERTIFICATIONS TO WAIVE CREDIT COUNSELING CERTIFICATE**

The matters before the Court are the filing by the above-captioned debtors of certifications of exigent circumstances to excuse the failure to file certificates of prepetition credit counseling, pursuant to 11 U.S.C. § 109(h) (2005). This opinion represents the consensus of all of the members of this Court [Keir, C.J., Mannes, Schneider, Derby and Alquist, JJ.], in establishing the requirements necessary for the approval of such certifications of waiver; determines that the failure to file a sufficient certification of waiver will result in the dismissal of the case; and holds that after such dismissal, the filing of a credit counseling certificate that indicates that the counseling was provided after the petition date is insufficient to have the dismissal stricken. This opinion holds that a certification of exigent circumstances to excuse the failure to file

a certificate of prepetition credit counseling need not be under oath; that it must contain a simple description of the exigent circumstance that precipitated the filing of the bankruptcy petition; must state that the debtor made a request for credit counseling within 180 days preceding the filing of the petition and was unable to obtain such counseling within five days of making the request; and that both statements are required to be set forth in order to satisfy this Court that the certification complies with the statute.

## *FINDINGS OF FACT*

On October 17, 2005, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, P.L. 109-8; 119 Stat. 37, ("BAPCPA"), amended the U.S. Bankruptcy Code by adding new Section 109(h), which provides, as follows:

> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.
>
> (2)(A) Paragraph (1) shall not apply with respect to a debtor who resides in a district for which the United States Trustee (or the bankruptcy administrator, if any) determines that the approved nonprofit budget and credit counseling agencies for such district are not reasonably able to provide adequate services to the additional individuals who

would otherwise seek credit counseling from such agencies by reason of the requirements of paragraph (1).

(B) The United States Trustee (or the bankruptcy administrator, if any) who makes a determination described in subparagraph (A) shall review such determination not later than 1 year after the date of such determination, and not less frequently than annually thereafter. Notwithstanding the preceding sentence, a nonprofit budget and credit counseling agency may be disapproved by the United States Trustee (or the bankruptcy administrator, if any) at any time.

(3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that–

(i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);

(ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and

(iii) is satisfactory to the court.

(B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

(4) The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this

paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

11 U.S.C. § 109(h) (2005).

Each of the above-captioned cases was filed in this Court after October 16, 2005.

## THE CASE OF JUANDA CHILDS

On October 17, 2005, the debtor, Juanda D. Childs, filed *pro se,* a Chapter 7 petition in Case No. 90045-DK in the Baltimore Division of this Court, but failed to file either a certificate of credit counseling or a request for waiver. On October 31, 2005, the case was dismissed by order [P. 10]. On November 7, 2005, the debtor filed a Certificate of Credit Counseling that indicated that the date upon which she had received credit counseling was November 4, 2005. On November 10, 2005, Sherrie T. Howell, Esquire, filed her appearance on behalf of the debtor and also filed a motion for reconsideration and an amended petition [PP. 15-17]. The motion for reconsideration indicated erroneously that the debtor had filed a waiver of credit counseling. No such waiver appears on the docket; only the certificate of postpetition credit counseling was filed.

**THE CASE OF LEROY ONEAL WILLIAMS and WANDA JEAN WILLIAMS**

On October 19, 2005, the debtors, Leroy Oneal Williams and Wanda Jean Williams, by their counsel, Vicky L. Orem, Esquire, filed a Chapter 13 petition in Case No. 05-90001-JS in the Baltimore Division of this Court. On the same date, the debtors filed the following declaration under penalty of perjury, entered on the docket as, "Motion for Exemption from Credit Counseling Due to Lack of Opportunity to Seek Approved Credit Counseling," [P. 4], which stated, in pertinent part:

> On October 18, 2005, we decided to file the bankruptcy petition after our mortgage company decided not to halt the foreclosure sale of our home until we could provide documentation that the amount of my (Leroy Williams) disability check was improperly reduced by the government. The government's improper reduction in my disability check has resulted in us becoming delinquent on our mortgage obligation. . . As a result of us not deciding to file a bankruptcy petition until October 18, 2005, we did not have the opportunity to seek approved budget and credit counseling prior to the filing of our petition.

*Id.*

**THE CASE OF JEFFREY LEE**

On October 20, 2005, the debtor, Jeffrey Lee, by counsel, Sherrie T. Howell, Esquire, filed a Chapter 13 petition in Case No. 90029-SD in the Baltimore Division. On November 4, 2005, the case was dismissed by order [P. 13], for the debtor's failure to file a credit counseling certificate or an application to waive credit counseling certificate. On November 10, 2005, Ms. Howell filed a motion for reconsideration of

6

the dismissal [P. 17] and an application to waive credit counseling [P. 16], to which was appended the following affidavit that Ms. Howell executed on the debtor's behalf:

> I HEREBY AFFIRM that the debtor's home was scheduled to go to foreclosure sale on October 20, 2005, at 11:04 a.m. which was the date of filing of the Debtor's Voluntary Petition.
>
> _____/s/_____
> Sherrie T. Howell

*Id.*

## THE CASE OF MELVIN E. CARTER

On October 20, 2005, the debtor, Melvin E. Carter, by his counsel, James R. Logan, Esquire, filed a Chapter 13 petition in Case No. 90089-DK in the Baltimore Division. On the same date, the debtor filed a motion to waive credit counseling [P. 4], in which he stated under penalty of perjury, that "My real property at 835 Woodbourne Avenue is scheduled for foreclosure on October 21, 2005 at 11:04 A.M." *Id.* On October 26, 2005, this Court denied the motion [P. 6]. On November 11, 2005, the debtor filed a motion to extend deadline for credit counseling ]P. 17]. On November 28, 2005, the debtor filed a credit counseling certificate [P. 23], that indicated he had received such counseling postpetition on November 26, 2005.

Finally, on December 2, 2005, the debtor filed yet another motion for exemption from credit counseling due to exigent circumstances [P. 25]. This motion stated as follows:

> My real property at 835 Woodbourne Avenue is scheduled for foreclosure on October 21, 2005 at 11:04 A.M.
>
> On October 20, 2005, I was advised to seek credit counseling, which I did. Due to the large number of requests, I was unable to obtain an appointment for credit counseling until November 26, 2005. I completed the required counseling on November 26, 2005.

*Id.*

## THE CASE OF VINCENT A. JONES

On October 31, 2005, Vincent A. Jones, by counsel, Richard Gilman, Esquire, filed a Chapter 13 bankruptcy petition in Case No. 05-90185- NVA in the Greenbelt Division. Simultaneous with filing the petition, the debtor filed a "Certification of exigent circumstances that allegedly merits a waiver from complying with the credit counseling requirement" [P. 4]. The certification contained the following averments:

> SECTION 109(h)(3)(A) CERTIFICATION
>
> COMES now the debtor, pursuant to Section 109(h)(3)(A) of the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and hereby certifies under penalty of perjury that:
>
> 1. I am scheduled to be evicted from the property in which I reside on October 31, 2005.

>    2.  Due to the imminent eviction, I need to immediately file a Chapter 13 bankruptcy case in order to prevent the landlord from forcibly removing me and my belongings into the street. The Chapter 13 case also will provide me an opportunity to redeem my car which recently was repossessed.
>
>    3.  Due to this exigent circumstance I am unable to timely obtain from an approved nonprofit budget and credit counseling agency, and file with the Court, a certificate demonstrating that I have received the required briefing outlining the opportunities for available credit counseling as stated in Sections 109(h)(1) and 521(b) of the Bankruptcy Code.
>
>    4.  On October 31, 2005, I telephoned an approved nonprofit budget and credit counseling agency in connection with my duties as a debtor under the Bankruptcy Code but am unable to certify that I obtained the required briefing prior to the scheduled eviction.

*Id.*

On November 3, 2005, W. Clarkson McDow, Jr., the U.S. Trustee for the Fourth Circuit, filed an opposition [P. 7], on the ground that the certification failed to comply with Section 109(h)(3):

(1) An impending eviction cannot be an "exigent circumstance," for the reason that a bankruptcy filing could not legally stop a scheduled eviction because the stay of Section 362(b)(22) is not applicable to eviction once judgment for possession is entered.

9

(2)  The certification failed to comply with the second clause of Section 109(h)(3) in that it did not allege and demonstrate that counseling was not available within five days of the request.

(3) The certification must comply with the requirements of each of the three clauses of Section 109(h), because the clauses are connected by "and," not "or."  The failure of the debtor to comply with the first two clauses of section 109(h)(3), should result in dismissal of the case, pursuant to 11 U.S.C. §1307(c) and L.R. 1002-1(a), as amended by Admin. Order 05-04 (Oct. 17, 2005).

Opposition of the United States Trustee [P. 7].

## *CONCLUSIONS OF LAW*

New Section 109(h)(1) prohibits an individual from being a debtor in a bankruptcy case unless that individual has, during the 180-day period preceding the date of filing of the petition, received from an approved non-profit budget and credit counseling agency, a briefing outlining the opportunities for available credit counseling and assisting the individual in performing a related budget analysis. Section 521(b) requires the debtor to file a certificate from the approved non-profit budget and credit counseling agency that provided the services required by Section 109(h), as well as a copy of any debt repayment plan developed through that agency. The requirement set forth in Section 109(h)(1) is excused if the debtor files with the

petition a certification of exigent circumstances and inability to obtain credit counseling services, which certification meets the requirements set forth in Section 109(h)(3). Rules 1007(b) and (c) of the interim rules adopted by Administrative Order 05-02, require that the individual debtor must file the certificate of credit counseling and debt repayment plan with the petition, or file a certification of exigent circumstances and inability to obtain credit counseling services with the petition.

Section 109(h)(3) provides a three-part test to determine whether a temporary exemption from this requirement is warranted. The debtor must file a certificate that; (1) describes exigent circumstances for not obtaining the counseling; (2) states that credit counseling was requested from a qualified provider and unavailable within five days from the date of the request; and (3) that is satisfactory to the Court. 11 U.S.C. § 109(h)(3) (2005).

According to the plain meaning of the statute, it is evident that these requirements are conjunctive. *See In re Watson,* \_\_\_ B.R. \_\_\_, 2005 WL 2990902, 4-6 (Bankr. E.D. Va. 2005). Consequently, the debtor must assert sufficient facts in the certificate to satisfy all three requirements.

The Court finds that all of the debtors have satisfied the requirement of demonstrating "exigent circumstances" by asserting the occurrence of a supervening event that precipitated the emergent need to file a bankruptcy petition, to wit, the

11

imminent sale of the debtors' property at foreclosure and the assertion by Mr. Jones of his imminent eviction from his residence. In the Jones case, the question of whether the bankruptcy filing created a stay of the pending eviction need not be determined at this time because it involves other considerations not relevant to the present inquiry. Under the former statute, the filing of a petition in bankruptcy stayed a pending eviction. The current law prescribes exceptions to the application of the stay to eviction proceedings that are not apparent from the record. In this regard, the Court gives the debtor the benefit of the doubt.

The standard for exigent circumstances set forth in the statute is minimal. It requires only that the debtor state the existence of some looming event that renders prepetition credit counseling to be infeasible. The standard is not one of "excusable neglect" that would require the Court to delve into the reasons why the exigent circumstances occurred. *Cf. Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership (In re Pioneer Investment Services Co.),* 507 U.S. 380, 113 S.Ct. 1489, 123 L. Ed.2d 74 (1993) (the determination of whether "excusable neglect" warrants the allowance of a late filed claim is an equitable one, considering all relevant circumstances surrounding the party's omission, including, *inter alia,* length of delay, its potential impact on judicial proceedings, reason for delay, including whether it was within reasonable control of movant, and whether movant acted in good faith).

In order to satisfy the second requirement, a proper certification must state that "the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the five-day period beginning on the date on which the debtor made that request." 11 U.S.C. § 109(h)(3)(A)(ii).

Ms. Childs filed no certification of waiver, merely a certificate of postpetition credit counseling. The Court finds that to be insufficient.

The certifications filed by Mr. And Mrs. Williams, Mr. Lee and Mr. Jones are deficient because they failed to state that the debtors sought credit counseling within 180 days preceding the bankruptcy filing and were unable to receive said counseling within five days of making the request. The Williams' declaration stated conclusorily that they were unable to obtain credit counseling. Ms. Howell stated nothing in her affidavit regarding Mr. Lee's attempts to obtain credit counseling, relying solely upon the fact that his residence was scheduled to be sold at foreclosure. Likewise, Mr. Jones merely asserted that he filed the petition on the eve of his eviction and that as a result, he claimed he was unable to obtain the necessary counseling. Standing alone, these facts are insufficient to grant a waiver of credit counseling.

Only Mr. Carter, on his third try, stated that he requested credit counseling and that it was not made available to him within five days of the request. This Court will

13

not require that the debtor state the date the credit counseling services were requested, merely the fact that they were requested and that they could not be obtained within five days of the request.

Because the failure to file satisfactory certifications of waiver of credit counseling and/or proper certificates of credit counseling deprives a debtor of the eligibility to file for bankruptcy protection, the petitions filed by Juanda D, Childs, Leroy Oneal Williams and Wanda Jean Williams, Jeffrey Lee and Vincent A. Jones must be dismissed. A waiver of credit counseling will be granted in the case of Melvin E. Carter.

ORDERS ACCORDINGLY.

cc:     Ms. Juanda D. Childs
2027 Paulette Road #203
Baltimore, Maryland  21222

Mr. And Mrs. Leroy Oneal Williams
510 Queenstown Road
P.O. Box 457
Severn, Maryland  21144

Mr. Jeffrey Lee
1613 Ramsay St.
Baltimore, Maryland  21223

Mr. Melvin E. Carter
835 Woodbourne Avenue
Baltimore, MD 21212

Mr. Vincent A. Jones
1439 Southern Avenue #202
Oxon Hill, Maryland  20745

James R. Logan, Esquire
James R. Logan P.A.
2539 N. Charles Street
Counsel to Melvin E. Carter

Richard L. Gilman, Esquire
Gilman & Edwards, LLC
8201 Corporate Drive, Suite 1140
Landover, Maryland  20785
Counsel to Vincent A. Jones

Vicky L. Orem, Esquire
Orem & Johnson, LLC
7237 Hanover Parkway, Suites C and D
Greenbelt, Maryland  20770-3602
Counsel to Leroy Oneal Williams and Wanda Jean Williams

Sherrie T. Howell, Esquire
2122 Maryland Avenue
Baltimore, Maryland  21218
Counsel to Juanda D. Childs and Jeffrey Lee

W. Clarkson McDow, Jr., Esquire
U.S. Trustee for Region Four
1201 Main Street
Suite 2440
Columbia, South Carolina 29201

Mark A. Neal, Esquire
Assistant U.S. Trustee
350 West Pratt Street, Suite 300
Baltimore, Maryland  21201

John L. Daughtery, Esquire
Assistant U.S. Trustee
6305 Ivy lane, Suite 600
Greenbelt, Maryland 20770